UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALEXANDER ALOMAR,

Plaintiff,

9:25-CV-1623
(GTS/ML)

v.

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, et al.,

Defendants.

---

APPEARANCES:

ALEXANDER ALOMAR
Plaintiff, pro se
22-R-1423
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

## I. INTRODUCTION

Pro se plaintiff Alexander Alomar ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). In the complaint, plaintiff asserted claims related to his confinement at Mohawk Correctional Facility ("Mohawk C.F."). *See generally* Compl.

By Decision and Order filed on January 26, 2026 (the "January 2026 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in

accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 8. On the basis of that review, the Court dismissed plaintiff's complaint for failure to state a claim. *Id.* In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint. *Id*.

Plaintiff's amended complaint is now before the Court for review. Dkt. No. 12 ("Am. Compl.").

## II. SUFFICIENCY OF AMENDED COMPLAINT

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the January 2026 Order and will not be restated in this Decision and Order. *See* Dkt. No. 8 at 2-4.

### B. Summary of Amended Complaint[1]

With the amended complaint, plaintiff identifies the President/CEO of the New York State Correction Officer Police Benevolent Association ("NYSCOPBA") "during events of complaint 2/2025)" as a new defendant. *See* Am. Compl. at 1. Plaintiff has also repeated his claims against Correction Officer John Doe ("C.O. Doe"), National Guard John Doe 1 ("NG Doe 1"), National Guard John Doe 2 ("NG Doe 2"), Deputy Superintendent of Security N. Thomas ("Thomas"), and DOCCS. *See id.* Plaintiff did not assert any claim against the

[1] The amended complaint includes exhibits. To the extent that the exhibits are relevant to the incidents described in the amended complaint, the Court will consider the exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

following previously named defendants: NYSCOBPA, Sergeant Doe ("Sgt. Doe"), Officer P. Baker ("Baker"), and National Guard John Doe 3.[2]

In February 2025, NYSCOPBA officers began an illegal strike in DOCCS' facilities. Am. Compl. at 1. Thomas was responsible for scheduling, training, and placing resources in the facility and with the movement of inmates within the facility. *Id*. at 3.

On February 23, 2025, in the 22B dorm, at approximately 2:15 p.m., two inmates "ran from their dorm area, across the dayroom" where C.O. Doe and NG Doe 1 and NG Doe "were supposed to be."[3] *Id*. at 2. The inmates, who were "Bloods," "slash[ed] and attack[ed]" plaintiff with a "makeshift" razor. *Id*. at 2-3. The inmates were warned by other inmates to "get away" and ran down the aisle while C.O. Doe "was coming with a flashlight facing toward them on the opposite side [. . .] like nothing happened." *Id*. at 3. Plaintiff stopped C.O. Doe when he came around to plaintiff's cube and yelled. Am. Compl. at 3. C.O. Doe flashed his light on plaintiff, who was "clearly coated in blood," and "nonchalantly walked off and called a 'Green Doe' on his radio." *Id*. A "Green Dot" is a medical emergency, while a "Red Dot" is a violent incident. *Id*.

Construed liberally[4], the amended complaint contains the following: (1) Eighth Amendment failure-to-protect claims; (2) supervisory claims against the NYSCOPBA

---

[2] The Clerk of the Court is directed to terminate these defendants from the Docket Report.

[3] Plaintiff claims that, "[p]er facility operating procedure," "cube visiting" after "lights out (10 PM)" is not permitted. Am. Compl. at 2.

[4] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

President/CEO, DOCCS, and Thomas; (3) conspiracy claims; and (4) state law claims against Thomas. *See generally* Am. Compl. Plaintiff seeks compensatory damages, declaratory judgments, and injunctive relief. *Id.* at 5.

### C. Analysis

#### 1. Eleventh Amendment

The law related to the Eleventh Amendment was discussed in the January 2026 Order and will not be restated herein. *See* Dkt. No. 8 at 7-8. In the January 2026 Order, the Court dismissed, with prejudice, plaintiff's § 1983 claim for monetary damages against DOCCS. *Id.* at 8. Therefore, the Court will refrain from engaging in any further analysis in this regard.

#### 2. Eighth Amendment Claims

The law related to Eighth Amendment failure-to-protect claims was discussed in the January 2026 Order and will not be restated herein. *See* Dkt. No. 8 at 9-11. In the January 2026 Order, the Court found that the complaint failed to suggest that any defendant was aware of, or present in the vicinity of, the assault. *Id.* at 10-11. As such, the claims were dismissed without prejudice. *Id.* at 11.

With the amended complaint, plaintiff has sufficiently plead an Eighth Amendment claim against C.O. Doe 1, NG Doe 1, and NG Doe 2. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.[5]

---

[5] Service of process cannot be effect on plaintiff's Eighth Amendment claims asserted against the aforementioned defendants whose names are not known to plaintiff unless and until the individuals have been identified by name. If plaintiff wishes to pursue his claims against the Doe defendants, he must take reasonable steps to ascertain through discovery the identity of the individuals. Upon learning the identity of an unnamed defendant, plaintiff must amend the operative complaint to properly name the individual as a party. If plaintiff fails to ascertain the identity of Doe defendants so as to permit timely service of process, all claims against the individual will be dismissed.

A different conclusion is reached, however, with respect to the claims against Thomas and the NYSCOPBA President/CEO. Construing the amended complaint liberally, plaintiff's claims against Thomas and the NYSCOPBA President/CEO are based upon their supervisory positions and a failure to train/supervise. As discussed in the January 2026 Order:

> In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show “a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability."). "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' " *Id*. (quoting *Iqbal*, 556 U.S. at 676).

Dkt. No. 8 at 7.

Despite being afforded an opportunity to amend his complaint, the operative pleading does not cure the deficiencies in this claim. "Liability based solely [. . .] due to a failure to supervise, without more, constitutes precisely the type of vicarious, respondeat superior liability that *Iqbal* and *Tangreti* eliminate." *Myers on behalf of Est. of Myers v. Davenport*, No. 1:21-CV-0922 (LEK/CFH), 2022 WL 3017367, at *4 (N.D.N.Y. July 29, 2022) (citation omitted). In this case, the amended complaint is devoid of any allegations which plausibly suggest that Thomas or the NYSCOPBA President/CEO directly participated in any alleged constitutional violation or that defendants were present or otherwise involved in any constitutional violation. In the absence of some tangible connection between defendants and the alleged constitutional claims, the claims against defendants must be dismissed. *See O'Brien v. City of Syracuse*, No. 5:22-CV-948 (MAD/TWD), 2023 WL 6066036, at *19 (N.D.N.Y. Sept. 18, 2023) (citing, *inter alia, Robinson v. Graham*, No. 20-CV-1610, 2021 WL

2358415, *3 (N.D.N.Y. June 9, 2021)) (dismissing claim against supervisor for failure to train and manage staff as "reminiscent of a 'supervisor liability' theory of liability for Section 1983 claims that is no longer available" after *Tangreti*), *reconsideration denied*, 2024 WL 4252052 (N.D.N.Y. Sept. 20, 2024).

**3. Conspiracy Claims**

A conspiracy claim under § 1983 must allege that: (1) an agreement existed between two or more state actors to inflict an unconstitutional injury on plaintiff and (2) an overt act was committed in furtherance of that goal. *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). For purposes of Section 1985, a conspiracy is an agreement between two or more people, where one person acts in furtherance of the objective of the conspiracy, and each person "has knowledge of the nature and scope of the agreement." *Morpurgo v. Inc. Vill. of Sag Harbor*, 697 F.Supp.2d 309, 339 (E.D.N.Y. 2010) (internal quotation marks omitted). Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *Ciambriello,* 292 F.3d at 325.

Plaintiff does not assert any facts giving rise to a conspiracy, but instead makes conclusory statements that defendants conspired with each other. Plaintiff's conclusory allegations do not support a "meeting of the minds" or a plausible conspiracy claim involving any of the defendants. "[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be enough to raise a right to relief above the speculative level." *Dorsey v. Fisher*, No. 09-CV-1011, 2009 WL 4985421, at *3 (N.D.N.Y. Dec. 15, 2009) (citations omitted); *see Webb v. Goord,* 340 F.3d 105, 110-11 (2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds").

Accordingly, plaintiff's conspiracy claims are dismissed for failure to state a claim. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011).

**4. State Law Claims**

District courts have supplemental jurisdiction over all state law claims that are so related to federal claims over which they exercise original jurisdiction that they form part of the same case or controversy under Article III of the Constitution. 28 U.S.C. § 1367(a) (2000). Because plaintiff's federal claims against Thomas are being dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims against Thomas. *See* 28 U.S.C. § 1367(c)(3); *Valencia v. Sung M. Lee,* 316 F.3d 299, 306 (2d Cir. 2003).

## III. SERVICE ISSUE

Despite finding that a response to the complaint is required, there is an impediment to service. The only defendants are Doe defendants, whose identities are not presently known. Under normal circumstances, when a pro se plaintiff includes Doe defendants, together with named defendants, the complaint is served upon the named defendants and the plaintiff pursues discovery to identify the Doe defendants. In this case, however, the only defendants have not been identified by name.

In light of the foregoing, the Clerk of Court shall send a copy of the amended complaint and this Decision and Order to the Office of the Attorney General. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the Attorney General's Office attempt to ascertain the full names of the defendants. The Attorney General's Office is also requested, to the extent that it is able to identify the defendants, to provide the addresses where the defendants can currently be served. The Attorney General need not undertake to defend or indemnify the individuals at this juncture. This order merely

provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

## IV. CLASS CERTIFICATION AND COUNSEL

In the January 2026 Order, the Court denied plaintiff's motion for class certification. *See* Dkt. No. 8 at 12. The Court reasoned, "it is well settled that a class action cannot be maintained by a pro se litigant as non-attorneys may not represent anyone other than themselves." *Id*. To the extent that plaintiff moves, for a second time for certification (see Am. Compl. at 5, ¶ E), the request is denied, for the reasons set forth in the January 2026 Order.

In the amended complaint, plaintiff also asks the Court to assign counsel. Am. Compl. at 5, ¶ E. Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel. *See, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel."). Courts cannot use a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, No. 93-CV-1449 (TJM) 899 F.Supp. 972, 974 (N.D.N.Y. Oct. 16, 1995) (citing *Hodge*, 802 F.2d at 621). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

Here, the defendants have not yet responded to the allegations contained in plaintiff's amended complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of plaintiff's amended complaint wherein he states the facts surrounding his claim. At this point, without any evidence before the Court, the Court is unable to assess the threshold requirement of likely merit. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

Furthermore, even if the Court were to assume that the case may be of substance, at this stage of the proceeding, the dispute in this case appears to be limited to whether certain defendants violated plaintiff's Eighth Amendment rights, which is not an overly complex issue. The record currently before the Court also indicates that plaintiff has an ability to investigate pertinent facts and present his case. In addition, should one or more defendants answer the complaint, a Mandatory Pretrial Scheduling Order shall issue, which will direct the exchange of initial disclosures, and likely help plaintiff frame the issues in the case without the need for counsel.

Further, if this case survives a dispositive motion filed by the defendants, it is highly probable that this Court will appoint trial counsel at the final pretrial conference. This Court is not aware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

For all these reasons, the Court finds that appointment of counsel is unwarranted. After the defendants have responded to plaintiff's complaint with respect to the claims that have survived initial review, plaintiff may renew his request for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit.

## V. REMAINING SUBMISSION

On May 29, 2026, eighteen days after he filed the amended complaint, plaintiff filed a submission entitled "Affidavit in Support of Complaint." Dkt. No. 13. The Court has reviewed the submission and finds that it is unrelated to the allegations and claims and defendants identified in the amended complaint. Rather, the submission contains factual allegations related to plaintiff's confinement at other DOCCS' facilities from July 2022 through 2025 against individuals who are not defendants in the within action. In light of plaintiff's pro se status, the Court considered whether the submission is a second amended complaint and finds that it is not.

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. A party may amend, as of right, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15. An amended complaint is intended to replace and supercede in its entirety the

previous complaint. Once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered. *See Dluhos v. Floating & Abandoned Vessel,* 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing *Shields v. Citytrust Bancorp, Inc*., 25 F.3d 1124, 1128 (2d Cir. 1994)). This requirement is buttressed by the Local Rules of Practice of this District ("Local Rules"), which provide, in pertinent part, that amended pleadings must be complete pleadings which will supersede the original pleading in all respects. *See* N.D.N.Y.L.R. 15.1(a). The Local Rules further state that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." *Id.* One of the purposes of the requirement that an amended complaint be itself a complete pleading, is to ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. *See Walker v. Fischer*, No. 10-CV-1431 (MAD/DEP), 2012 WL 1029614, at *10 (N.D.N.Y. Mar. 26, 2012) (citation omitted). This requirement eliminates the confusing nature of "piecemeal" amended complaints. *See Chapdelaine v. Keller*, 9:95-CV-1126 (HGM/GS), 1999 WL 34998130, at *1 (N.D.N.Y. Sep. 28, 1999). In other words, an amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in the action. "While we have insisted that the pleadings prepared by [pro se litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. U.S.*, 508 U.S. 106 (1993).

Plaintiff's submission (Dkt. No. 13) is not in compliance with N.D.N.Y. Local Rule 15.1. The submission does not include a list of parties, any cause of action, or any request for relief. As explained above, plaintiff may not submit an amended pleading and at the same time proceed with the prior pleading. Compliance with this Court's local rules is "not merely technical in nature." *See Cusamano v. Sobek*, 604 F.Supp.2d 416, 508 (N.D.N.Y. 2009).

At this juncture, the Court will not accept the submission at Dkt. No. 13 as an amended pleading. The amended complaint (Dkt. No. 12) remains the operative pleading.[6]

## VI. CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 12) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Eighth Amendment claims against C.O. Doe, NG Doe 1, and NG Doe 2 survive review and require a response; and it is further

**ORDERED** that the remaining claims are **DISMISSED**; and it is further

**ORDERED** that the Clerk shall terminate the following defendants from the Docket Report: DOCCS, NYSCOPBA, Thomas, Sgt. Doe, Baker, and NG John Doe 3; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Any paper sent by a party to the Court or the

---

[6] In light of plaintiff's pro se status, the Clerk of the Court accepted the submission for filing. The Court advises plaintiff, however, that the Court will not review any document except to the extent that plaintiff specifically identifies and references a properly filed motion or pleading. The Court docket is not intended to serve as a repository for plaintiff's records.

Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Office of the Attorney General is hereby requested to produce the information specified above, to the extent that it can, regarding the identity of the defendant within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Date: September 3, 2026
Syracuse, NY

Glenn T. Suddaby
U.S. District Judge