UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALEXANDER ALOMAR,

Plaintiff,

v.

9:25-CV-1623
(GTS/ML)

OFFICER JOHN DOE, et al.,

Defendants.

---

APPEARANCES:

ALEXANDER ALOMAR
Plaintiff, pro se
22-R-1423
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

## I. INTRODUCTION

In November 2025, pro se plaintiff Alexander Alomar ("plaintiff") commenced this action by filing a complaint pursuant to 28 U.S.C. § 1983 ("Section 1983") with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). By Decision and Order entered on January 26, 2026 (the "January 2026 Order"), the Court granted plaintiff's IFP application and reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A)(b). Dkt. No. 8. On the basis of that review, the Court

dismissed plaintiff's complaint for failure to state a claim. *Id*. In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint. *Id.*

On May 11, 2026, plaintiff filed an amended complaint. Dkt. No. 12 ("Am. Compl."). By Decision and Order entered on September 3, 2026 (the "September 2026 Order"), the Court accepted the amended complaint as the operative pleading and found that the Eighth Amendment claims against defendants Officer John Doe ("C.O. Doe"), National Guard John Doe #1 ("NG Doe 1"), and National Guard John Doe #2 ("NG Doe 2") survived review. Dkt. No. 14. The Court dismissed the remaining claims against DOCCS, NYSCOPBA, Deputy Superintendent of Security N. Thomas ("Thomas"), Sergeant John Doe ("Sgt. Doe"), Officer P. Baker ("Baker"), and National Guard John Doe #3. *See id.* Because the remaining defendants were not identified by name, the Court directed the Office of the Attorney General to ascertain the full names of the defendants and to provide the addresses where the defendants could be served. *Id.*

On September 14, 2026, plaintiff filed a motion for reconsideration. Dkt. No. 16. On September 21, 2026, plaintiff filed a motion for preliminary injunctive relief. Dkt. No. 17. On October 5, 2026, the Attorney General's Office filed a letter requesting a thirty day extension to respond to the September 2026 Order. Dkt. No. 19. The motions are resolved as follows.

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) reconsideration becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York*

*City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "When newly discovered evidence is the basis for reconsideration for dismissal of a claim, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence" when he filed his complaint. *See U.S. v. Morrison*, No. 04-CR-699, 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007) (citations omitted). "A motion for reconsideration is not 'an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.' " *Pearson v. Annucci,* No. 9:20-CV-01175 (TJM), 2023 WL 2537722, at *2 (N.D.N.Y. Mar. 16, 2023) (citation omitted).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*; *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (holding that a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' "). Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

**B. Analysis**

Construing the motion liberally, plaintiff moves for reconsideration of the portion of the September 2026 Order that dismissed plaintiff's claims against Thomas. Dkt. No. 16 at 1-2. Plaintiff also seeks to "have DOCCS replaced with Commissioner Daniel Martuscello (in

individual capacity)." *See id.* Additionally, plaintiff asserts new facts related to the issue of exhaustion. *See id.* at 1-2, 4-5.

Plaintiff does not cite to any intervening change in controlling law and does not argue that reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice. With respect to Thomas, plaintiff disagrees with the portion of the September 2026 Order that dismissed the claims asserted against this defendant, however, plaintiff has not made any showing that reconsideration is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *United States v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected").

To the extent plaintiff attempts to assert new facts and arguments related to the issue of whether he exhausted his administrative remedies prior to commencing this action, that argument does not warrant reconsideration. Initially, the Court notes that the September 2026 Order did not address the issue of exhaustion. Further, a motion for reconsideration cannot be used to assert new facts, issues or arguments not previously presented to the Court. *See Davidson v. Scully*, 172 F.Supp.2d 458, 461 (2d Cir. 2001), *see also Wood v. Dill*, No. 9:21-CV-0107 (GTS/ML), 2021 WL 4621400, at *2 (N.D.N.Y. Oct. 7, 2021) ("insofar as plaintiff would like for the Court to consider new claims that were not asserted in the original complaint, and/or any of the new factual information detailed in the [m]otion for [r]econsideration in support of any of the Section 1983 claims that were dismissed without

prejudice [ . . . ], plaintiff must amend his complaint"). Thus, the facts put forward by plaintiff in support of his claims against Thomas and on the issue of exhaustion do not provide a basis for reconsideration of the September 2026 Order.

Finally, plaintiff's attempt to amend his pleading to include claims against a new defendant via a motion for reconsideration, is improper. Plaintiff is advised that within the time limits set forth in Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may submit to the Court for review an amended complaint as of right or, if necessary, a motion to amend supported by a proposed amended complaint. Any proposed amended complaint submitted must be a complete pleading which sets forth all the claims plaintiff seeks to assert in this action against the persons named as defendants. Any proposed amended complaint will be subject to the Court's review pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rules of Civil Procedure 15(a).

Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that it's previous decision was legally correct and did not work a manifest injustice. Therefore, plaintiff's motion for reconsideration (Dkt. No. 16) is denied.

## III. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff moves for an order preventing "DOCCS employees" from taking retaliatory action against him. *See* Dkt. No. 17 at 1-2. Plaintiff describes a letter that he submitted to DOCCS Deputy Commissioner Jaifa Collado "[a]bout 3-4 weeks prior to this motion" and asserts that "nefarious people" are aware that he "told their bosses boss they are stealing [. . .] embezzling, [. . .] not giving [ ] credit for programs, lying [. . . ] and not sending [inmates] to medical trips[.]" *Id*.

### A. Legal Standard

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 79 (2d Cir. 2024) (internal citations omitted). "To obtain a preliminary injunction, a party must show '(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest.' " *St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 106 (2d Cir. 2025) (quoting *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018)).

"[A]s a general matter, there is a presumption of irreparable harm when there is an alleged deprivation of constitutional rights." *Matthews v. Barq*, 2019 WL 1025828, at *14 (N.D.N.Y. Mar. 4, 2019) (McAvoy, J.) (quoting *V.W. by & through Williams v. Conway*, 236 F. Supp. 3d 554, 588 (N.D.N.Y. 2017)). However, "the favorable presumption of irreparable harm arises only after a plaintiff has shown a likelihood of success on the merits of the constitutional claim." *Brock v. City of New York*, 2022 WL 479256, at *4 (S.D.N.Y. Jan. 28, 2022) (citing *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996)).

"In other words, 'because the violation of a constitutional right is the irreparable harm asserted here, the two prongs of the preliminary injunction threshold merge into one: in order to show irreparable injury, plaintiff must show a likelihood of success on the merits.' " *A.H. by & through Hester v. French*, 511 F. Supp. 3d 482, 497 (D. Vt. 2021) (quoting *Turley v. Giuliani*, 86 F. Supp. 2d 291, 295 (S.D.N.Y. 2000)); *see also A.H. by & through Hester v. French*, 985 F.3d 165, 176 (2d Cir. 2021) ("In cases alleging constitutional injury, a strong

showing of a constitutional deprivation that results in noncompensable damages ordinarily warrants a finding of irreparable harm.").

However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts*., 598 F.3d at 35 n.4 (internal quotation marks omitted).

"[R]equest[s] for injunctive relief must be supported by evidence, as opposed to mere allegations, showing that the alleged irreparable harm is imminent." *Hall v. Annucci*, No. 19-CV-5521, 2021 WL 4392526, at *14 (S.D.N.Y. Sept. 24, 2021) (citing *inter alia Perkins v. Rock*, No. 12-CV-1269, 2013 WL 4781762, at *2 (N.D.N.Y. Sept. 5, 2013) (noting that a plaintiff's request for preliminary injunctive relief was appropriately denied where the plaintiff's allegations of harm were "purely speculative" and unsupported "by any evidence, such as exhibits, medical reports, affidavits from other inmates, or any other proof").
"In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Here, as plaintiff seeks a mandatory injunction, he must meet the higher standard and establish a clear or substantial likelihood of success or show that extreme or very serious

damage would result in the absence of the requested relief. *See Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 34 (2d Cir. 1995).

**B. Analysis**

As discussed *supra*, the only remaining defendants are Doe defendants. *See* Dkt. No. 24. To the extent plaintiff seeks injunctive relief against individuals who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Even if the court could provide relief requested, the issues underlying plaintiff's request for injunctive relief are unrelated to the claims in this action. The amended complaint contains Eighth Amendment claims against C.O. Doe, NG Doe 1, and NG Doe 2 related to events that transpired in February 2025. *See generally* Am. Compl. Plaintiff's fear of possible future retaliation by unidentified individuals, are wholly unrelated to plaintiff's underlying Eighth Amendment claims. Because plaintiff cannot establish a likelihood of success on the merits of these underlying claims, plaintiff's request for relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief were unrelated to the underlying facts of the claims, except for the fact that they arose in the prison context).

Moreover, plaintiff's fear of future retaliation is not sufficient to warrant the extraordinary remedy of preliminary injunctive relief. *See Groves v. Davis*, No. 9:11-CV-1317 (GTS/RFT), 2012 WL 651919, at *8 (N.D.N.Y. Feb. 28, 2012). "[R]equest[s] for injunctive relief must be supported by evidence, as opposed to mere allegations, showing that the alleged irreparable harm is imminent." *Hall v. Annucci*, No. 19-CV-5521, 2021 WL 4392526, at *14 (S.D.N.Y. Sept. 24, 2021) (citing *inter alia Perkins v. Rock*, No. 12-CV-1269, 2013 WL 4781762, at *2 (N.D.N.Y. Sept. 5, 2013) (noting that a plaintiff's request for preliminary injunctive relief was appropriately denied where the plaintiff's allegations of harm were "purely speculative" and unsupported "by any evidence, such as exhibits, medical reports, affidavits from other inmates, or any other proof"). Because plaintiff has not provided any documentation, exhibits, or any other evidence to support his motion, his concerns are "unsubstantiated" and "speculative" and cannot form the basis for injunctive relief. *Louis v. Morley*, No. 22-CV-10094., 2024 WL 4573677, at *3 (S.D.N.Y. Oct. 24, 2024); *see also Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F.Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction").

Finally, to the extent that plaintiff requests that the Court enjoin "nefarious people" from "retaliatory actions," *see* Dkt. No. 17 at 2, this request amounts to no more than an obey-the-law injunction that is not favored. *See, e.g., S.C. Johnson & Son, Inc. V. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001).

Accordingly, plaintiff's motion for preliminary injunctive relief (Dkt. No. 17) is denied, without prejudice. *See Hall*, 2021 WL 4392526, at *14 (noting that if the plaintiff wishes to renew his request for injunctive relief, he should provide the Court with medical records,

affidavits, or other documentary evidence in support of his theory that the defendants' actions presented a risk of irreparable harm).[1]

## IV. REQUEST FOR EXTENSION

On October 5, 2026, the Office of the New York State Attorney General filed a letter requesting a thirty-day extension to comply with the September 2026 Order. Dkt. No. 19. The request is granted.

## V. CONCLUSION

**WHEREFORE, it is**

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for injunctive relief (Dkt. No. 17) is **DENIED**; and it is further

**ORDERED** that the Attorney General's Office request for an extension (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that the Attorney General's Office shall file a response to the September 2026 Order on or before November 9, 2026; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Date: November 4, 2026
Syracuse, NY

Glenn T. Suddaby
U.S. District Judge

---

[1] Plaintiff is free to pursue claims against the individuals responsible for the alleged wrongdoing through DOCCS' administrative procedures and, if necessary, by means of a properly filed action.